IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANE KELLY,

    Plaintiff,

v.

CITY OF EUGENE, a municipality;
EUGENE POLICE DEPARTMENT;
OFFICER BARRY RAGER, No. 361;
OFFICER JOHN RISKO, No. (UNKNOWN),
in their individual capacity,

    Defendants.

Case No. 6:15-cv-00875-JR

ORDER

MCSHANE, Judge:

    Magistrate Judge Jolie A. Russo filed a Findings and Recommendation (ECF No. 89), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections to the Findings and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct.

    Judge Russo correctly applied the summary judgment standard by viewing the relevant facts in the light most favorable to the non-moving party in reaching her conclusion. Plaintiff argues there is a dispute of material fact as to whether the voicemails are to be considered

1 –ORDER

protected speech or not, but a simple reading of the Findings and Recommendations reveals there is no dispute as to this fact. F&R 8. The defendants, to the benefit of the Plaintiff, did not contest the characterization of the voicemails as protected speech. *Id*. So it is, even abrasive speech is protected under the First Amendment.

Other arguments put forward by Plaintiff's objections are equally specious. Rarely is it effective to charge the other party of misrepresenting facts and laws, and deception (Pl.'s Obj. 1-2, 4, ECF No. 96). It is clear the individual defendants had probable cause to issue traffic citations for illegal window tint at 3% light transmittance where the legal limit is 35% light transmittance. Or. Rev. Stat. §§ 815.221(2); 815.222. There is insufficient evidence to show the citations were issued with the intent to chill Plaintiff's speech. F&R 9-10. It also clear there is no evidence the traffic citations were issued because of Plaintiff's disability. F&R 16-18. Plaintiff did not meet her burden of showing that the 3% light transmittance is both reasonable and necessary to accommodate her disability. F&R 18-21.

There are no objections to Judge Russo's findings that the individual defendants are entitled to qualified immunity, or that summary judgment should be granted for the City on plaintiff's IIED claim.

I adopt the Findings and Recommendation in full (ECF No. 89). Defendants' motion for summary judgment, ECF No. 64, is GRANTED.

IT IS SO ORDERED.

DATED this 2nd day of May, 2017.

                                                s/ Michael J. McShane
                                                Michael J. McShane
                                              United States District Judge